**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| STEPHEN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | C/A_____ |
| | ) | |
| v. | ) | |
| | ) | |
| LEE MICKENS AND DANA | ) | **JOINT ANSWER** |
| TRANSPORT, INC., | ) | (Jury Trial Demanded) |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:    JAMES W. SEGURA, ESQUIRE, COUNSEL FOR PLAINTIFF:

Defendants Lee Mickens and Dana Transport, Inc. (hereinafter collectively referred to as "Defendants," or individually as "Mickens" or "Dana," respectively), reserving the right to file a motion under Rule 12 of the Federal Rules of Civil Procedure or any other dispositive motion, responds to the claims asserted by Plaintiff Stephen Davis (hereinafter "Plaintiff") in his Complaint by denying each and every allegation not hereinafter specifically admitted, by demanding strict proof thereof, and further responds as follows:

**FOR A FIRST DEFENSE AND BY WAY OF ANSWER**

1.    Each and every allegation not herein admitted is hereby denied and strict proof thereof demanded.

2.    Upon information and belief, Defendants admit the allegations of Paragraph 1 of the Complaint.

3.    Defendants admit so much of the allegations of Paragraph 2 of the Complaint that Dana transacts business in South Carolina and Mickens is a citizen and resident of Hoke County, North Carolina. Defendants deny any remaining allegations of Paragraph 2 of the Complaint.

4. In response to the allegations of Paragraph 3 of the Complaint, Defendants aver that Mickens was driving a vehicle he himself owned. The remaining allegations of Paragraph 3 constitute conclusions of law that do not require a response; however, to the extent that a response is required, Defendants deny the same and demand strict proof thereof.

5. Defendants admit the allegations of Paragraph 4 of the Complaint.

6. The allegations of Paragraph 5 of the Complaint constitute conclusions of law that do not require a response; however, to the extent that a response is required, Defendants deny the same and demand strict proof thereof.

7. In response to the allegations of Paragraph 6 of the Complaint, Defendants restate the above-numbered paragraphs and incorporate the same by reference.

8. In response to the allegations of Paragraph 7 of the Complaint, Defendants aver that on June 28, 2023, Mickens made a left-hand turn exiting Peachview Drive. The remaining allegations of Paragraph 7 constitute legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the same and demand strict proof thereof.

9. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint; therefore, Defendants deny the same and demand strict proof thereof.

10. Defendants deny the allegations of Paragraph 9 of the Complaint, including all subparts therein, and demand strict proof thereof.

11. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations of the Second Paragraph 8 of the Complaint, including all subparts therein; therefore, Defendants deny the same and demand strict proof thereof.

12. In Response to the WHEREFORE Paragraph of the Amended Complaint, Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

**FOR A SECOND DEFENSE**

13. Plaintiff's Complaint fails to state a claim for relief upon which relief may be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

14. Defendants plead any and all other defenses which may be applicable and provided for by Rules 8 and 12 of the Federal Rules of Civil Procedure, by statute, by regulation, or by common law, as if set forth here verbatim.

**FOR A FOURTH DEFENSE**

15. Any injuries or damages sustained by the Plaintiff were due to, caused, and occasioned by Plaintiff's sole negligence, gross negligence, recklessness, willfulness, and wantonness which was the direct and proximate cause of Plaintiff's alleged injuries or damages, if any, and without which the same would not have occurred, and therefore, due to Plaintiff's negligence, gross negligence, recklessness, willfulness, and wantonness, Plaintiff's claims against Defendants are barred.

**FOR A FIFTH DEFENSE**

16. Even if Defendants were negligent in any respect, which is expressly denied, and such conduct operated as a proximate cause of Plaintiff's injuries or damages, if any, which is expressly denied, Defendants allege Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed more than fifty percent (50%) of the cause of the accident and, therefore, Plaintiff's claims are barred.

**FOR A SIXTH DEFENSE**

17. Even if Defendants were negligent in any respect, which is expressly denied, and even if such conduct on the part of Defendants operated as a greater than fifty percent (50%) cause of Plaintiff's injuries or damages, if any, which is also denied, Defendants are entitled to a determination as to the percentage which Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to Plaintiff's accident and resulting injuries or damages, if any, and to a reduction of any amount awarded to Plaintiff by an amount equal to the percentage of Plaintiff's own negligence.

**FOR A SEVENTH DEFENSE**

18. Any injuries or damages sustained by Plaintiff were due to and caused by the sole negligence of third persons over which Defendants had no control; therefore, Defendants should not be liable to Plaintiff in any sum whatsoever.

**FOR AN EIGHTH DEFENSE**

19. Any injuries or damages sustained by Plaintiff were due to and caused by the intervening and superseding acts of negligence, carelessness, recklessness, and gross negligence on the part of third persons as a proximate cause of injuries as alleged, if any, and therefore, Defendants should not be liable to Plaintiff in any sum whatsoever.

**FOR A NINTH DEFENSE**

20. The injuries or damages as Plaintiff allegedly sustained, if any, were caused by Plaintiff's assumption of a known risk or expected condition; accordingly, Defendants plead Plaintiff's assumption of a known risk or expected condition as a complete defense to this action.

**FOR A TENTH DEFENSE**

21.     Defendant Mickens was faced with a sudden emergency not of his making and Defendants plead the Sudden Emergency Doctrine as a complete defense to this action.

**FOR AN ELEVENTH DEFENSE**

22.     The incident complained of by the Plaintiff was due to an unavoidable accident, and Defendants plead the doctrine of unavoidable accident as a complete defense to this action.

**FOR A TWELFTH DEFENSE**

23.     Defendants reserve the right to assert claims for contribution and indemnity against any other persons whether or not a party to this action.

**FOR A THIRTEENTH DEFENSE**

24.     Defendants rely upon any and all defenses or benefits afforded to them under the South Carolina Contribution Among Tortfeasors Act, codified at South Carolina Code Ann. § 15-38-15 et seq., including the right to have the jury apportion fault among any other party or responsible person whether or not named.

**FOR A FOURTEENTH DEFENSE**

25.     Some or all of Plaintiff's articulated causes of action may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**FOR A FIFTEENTH DEFENSE**

26.     To the extent demonstrable, Plaintiff's claims may fail due to his failure to mitigate his alleged damages.

**FOR A SIXTEENTH DEFENSE**

27.     Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

**FOR A SEVENTEENTH DEFENSE**

28.     Plaintiff's claims may be barred by the applicable statutes of limitations or repose.

**FOR AN EIGHTEENTH DEFENSE**

29.     To the extent Plaintiff may be seeking punitive damages, punitive damages, as currently awarded in South Carolina, are violative of the United States Constitution and South Carolina Constitution, as well as the holding of State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and the cases upon which it is based.

**FOR A NINTEENTH DEFENSE**

30.     Pursuant to Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "[are] not really a fact tried by the jury" therefore, Plaintiff's request for punitive damages "to be determined by the jury" violates the United States Constitution.

**FOR A TWENTIETH DEFENSE**

31.     The United States Constitution's Due Process Clause "forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly [do not] represent," Phillip Morris USA v. Williams, 549 U.S. 346, 353 (2007); therefore, to the extent that Plaintiff seeks an award of punitive damages for potential or speculative harm to non-parties to the present action, such prayer for relief is unconstitutional and must be struck from the pleadings and is otherwise inadmissible at trial.

**FOR A TWENTY-FIRST DEFENSE**

32.     Notwithstanding Defendants' prior defenses incorporating Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001) and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and the cases upon which they are based, in the event the trial

court permits the jury to return a punitive damages award in the instant case, such damages are to be limited to an amount that is no greater than the jury's award of actual damages, as explicated within Exxon Shipping Co. v. Baker, 554 U.S. 471 (2008).

### FOR A TWENTY-SECOND DEFENSE

33. Defendants plead any and all applicable protections and rights afforded to it under the South Carolina Fairness in Civil Justice Act of 2011, codified at South Carolina Code Ann. §§ 15-32-510 to 15-32-540 as a defense to Plaintiff's claims or request for an award of punitive damages, including, but not limited to, any and all limitations and/or reductions to punitive damages (which are expressly denied).

### FOR A TWENTY-THIRD DEFENSE

34. Defendants did not deviate from any generally accepted standards, practices, and/or procedures exercised by similar competent professionals or organizations acting under the same or similar circumstances.

### FOR A TWENTY-FOURTH DEFENSE

35. Any alleged negligence in deviation from the generally accepted standards, practices and procedures by Defendants, which is denied, was not a direct, efficient, appropriate or legal cause of some or all of the injuries claimed, which are also denied.

### FOR A TWENTY-SIXTH DEFENSE

36. Defendants specifically reserve the right to amend its answer and to raise any additional and/or affirmative defenses as may be available to it or revealed to it during the course of the investigation and/or discovery in this case.

### FOR A TWENTY-SEVENTH DEFENSE

37. Plaintiff may have failed to name all necessary parties to this action; thus Plaintiff's Complaint should be dismissed pursuant to Rules 19 and 12(6)(7) of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

37. Defendants demand a trial by jury on all claims so triable.

WHEREFORE, having fully answered the Amended Complaint and reserving the right to supplement or amend their answer, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, for their costs and attorneys' fees, for a jury trial on all causes of action alleged, and for such other relief as the Court may deem proper.

Respectfully submitted,
COLLINS & LACY, P.C.

By: *s/Luke Richardson*
Claude T. Prevost, III, Esquire
S.C. Bar Number: 74343
cprevost@collinsandlacy.com
J. Lucas Richardson, Esquire
S.C. Bar Number: 103745
lrichardson@collinsandlacy.com
Post Office Box 12487
Columbia, SC 29211
803-255-0490 (voice)
803.771.4484 (fax)

ATTORNEYS FOR DEFENDANTS

**JOINT ANSWER**

**Jury Trial Demanded**

February 7, 2024
Columbia, South Carolina